THEODORE S. MOTT, BY NEXT FRIEND, ET AL., PLAIN-
TIFFS, v. MILDRED LUM, DEFENDANT.

Submitted May 15, 1931—Decided November 20, 1931.

---

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and CASE.

For the rule, *Gerald T. Foley.*

*Contra,* *Dolan & Dolan.*

211

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought by Theodore S. Mott, an infant some nine years of age, and his father. By it the infant seeks to recover compensation for personal injuries received by him in a collision with an automobile owned and driven by the defendant, and his father, the co-plaintiff, seeks to recover the expenses incurred by him as the result of his son's injuries.

The trial resulted in a verdict in favor of the defendant, and we are asked to set it aside and direct a new trial for two reasons: First, that the verdict is contrary to the weight of the evidence; second, for alleged error in the charge to the jury.

The accident happened on a public highway leading from Vernon to Hamburg, in Sussex county, on the 31st of August, 1930. The child was returning home from Sunday school with two young companions. An automobile driven by one Lehmann was moving along the highway in the same direction in which the children were walking, the latter being on the edge of the road. The defendant's car was being driven by her in an opposite direction. As the two cars approached and were almost opposite one another, the boy, Theodore Mott, without the slightest warning, dashed across the road in front of the car which was being driven by Lehmann and then collided with the defendant's automobile. There was nothing to indicate to the latter that the boy was crossing the road until it was too late for her to avoid the collision. These facts are supported by a clear preponderance of the evidence, and justified the jury in absolving the defendant from any liability for the accident.

The portion of the charge complained of dealt with the burden of proof, and was in the following language: "In deciding this case you must remember that the burden of proof is on the plaintiffs in the case to prove to you by a preponderance of the evidence that the defendant was guilty of negligence and that her negligence caused the accident. By a preponderance of the evidence I do not mean that

Miss Lum should produce before you the greater number of witnesses, but I do mean that, after listening to those witnesses on the stand and observing the witnesses, the witnesses of the plaintiffs should impress you to a greater extent than the witnesses of the defendant, and that you should be more impressed with the witnesses of the plaintiffs as to Miss Lum's negligence than the witnesses of Miss Lum, the defendant." It is the latter portion of this instruction which is the subject of the present contention. It is plainly inaccurate; but, although this is so, counsel for plaintiffs apparently saw nothing injurious in it, for he failed to take an exception thereto. The fact that no exception was taken to the instruction is no bar to the setting aside of the verdict if a principle of law injurious to the party seeking to have the verdict set aside has been erroneously charged to the jury upon an essential feature of the case (*Clark* v. *Public Service Railway Co.*, 83 *N. J. L.* 319) ; but the power of the court to set aside a verdict under such conditions will always be used cautiously by the reviewing tribunal, and a new trial will not be ordered unless it clearly appears not only that the instruction complained of was erroneous, but also that it worked manifest harm and injury to the party who challenges its validity. In view of the finding of the jury based upon a consideration of all the facts submitted at the trial, it seems clear to us that the instruction to the jury which is now complained of was not harmful to the plaintiffs, and, this being so, we conclude that the second ground for making the rule absolute is also without legal merit.

For the reasons indicated, the rule to show cause will be discharged.